IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:07cr144-WKW |
| | ) | |
| TIMOTHY GRANT JONES | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:                    ANDREW M. SKIER

ASSISTANT U.S. ATTORNEY:         TOMMIE BROWN HARDWICK

**COUNT  AND STATUTE CHARGED:**
Count 1                    18 U.S.C. § 1029a)(2), Unauthorized Use of Access Device

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**
Count 1                    18 U.S.C. § 1029(a)(2), Unauthorized Use of Access Device

**PENALTIES BY COUNT – MAXIMUM PENALTY:**
Count 1                    18 U.S.C. §1029(a)(2), Unauthorized Use of Access Device
     NMT  10Y or;
     NMT  $250,000 fine or both;
     NMT  3 SUP REL;
     $100   Assessment Fee; and
     VWPA

**ELEMENTS OF OFFENSE:**
Count 1                    18 U.S.C. §1029(a)(2), Unauthorized Use of Access Device
     1.    That the defendant knowingly used an unauthorized access device;
     2.    That the defendant did so with intent to defraud;
     3.    That the defendant obtained anything of value aggregating $1,000
          or more during a one-year period.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Tommie Brown Hardwick, Assistant United States Attorney and Andrew M. Skier, attorney for the

defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have,

with the authorization of the undersigned defendant, heretofore entered into discussions with a view

towards reaching a pretrial conclusion of the charges pending in the Indictment and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

## GOVERNMENT'S PROVISIONS

1.      Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the government will do the following:

a.      The government will agree, pursuant to Rule 11(c)(1)(C), that the appropriate sentence is three years probation, provided that the defendant's criminal history category does not exceed category II, and the defendant has not committed another state, local or federal offense, after the indictment was returned on the instant offense.

b. The government agrees that the defendant should receive a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). In addition, the government will file a motion for a one level reduction under U.S.S.G. § 3E1.1(b), if applicable. However, the defendant will not receive any acceptance of responsibility if the defendant commits another federal, state or local offense after the dates of the present offenses; violates any of the conditions outlined in the Commentary to §3E1.1, or in any way violates his term of release or supervision if applicable.

c. The government agrees that there are no other motions for downward departure applicable in this case. If the defendant files a motion for downward departure, the plea agreement will become void.

2

2.      The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3.      The defendant agrees to the following:

a.      To plead guilty to Count 1 of the Indictment.

b.      That the guidelines calculation is from 0 to 6 months and a term of three years probation is an appropriate sentence in this case after the calculation of the sentencing guidelines.

c. The defendant agrees that there are no other motions for downward departure applicable in this case. If the defendant files a motion for downward departure this plea agreement will become void.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK UNDER 28 U.S.C § 2255

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. In addition, the defendant does waive the right to appeal or seek post-conviction relief under 28 U.S.C. § 2255 with respect to any claims that challenge the correctness of his sentence under the advisory sentencing guidelines or 18 U.S.C. § 3553(a). The defendant does not waive true ineffective assistance of counsel challenges that concern the validity of the plea or the waiver itself. The defendant does not waive a challenge of prosecutorial misconduct.

3

Further, the parties agree that nothing in this agreement shall affect the United States'
right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States
appeals on any basis defendant's sentence pursuant to 18 U.S.C. § 3742(b), defendant is released
from this waiver.

### APPLICATION OF SENTENCING GUIDELINES AND 18 U.S.C. § 3553(a)

It is understood by the parties that the Court is neither a party to nor bound by this
agreement. The Court may accept or reject the agreement, or defer a decision until it has had an
opportunity to consider the presentence report prepared by the United States Probation Office.
The defendant understands and acknowledges that, although the parties are permitted to make
recommendations and present arguments to the Court, the sentence and the sentencing
guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the
assistance of the United States Probation Office. Defendant understands that the Court is
required to consider any applicable sentencing guidelines but may depart from these guidelines
under some circumstances. Defendant acknowledges that defendant and defendant's attorney
have discussed the sentencing guidelines and defendant understands how the guidelines are
applicable to defendant's case. Defendant further understands that the Court will consider the
factors enumerated in Title 18, United States Code, Section 3553(a), in imposing a sentence.
Specifically, the Court will consider:

(1)     the nature and circumstances of the offense and the history and characteristics of
        the defendant;

(2)     the need for the sentence imposed – (A) to reflect the seriousness of the offense,
        to promote respect for the law, and to provide just punishment for the offense; (B)

4

to afford adequate deterrence to criminal conduct; (C) to protect the public from

further crimes of the defendant; and (D) to provide the defendant with needed

educational or vocational training, medical care, or other correctional treatment in

the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for the applicable

category of offense committed by the applicable category of defendant as set forth

in the sentencing guidelines;

(5)    any pertinent policy statement  – (A) issued by the Sentencing Commission

subject to any amendments made to such policy statement by act of Congress; and

(B) that, except as provided in section 3742(g), is in effect on the date the

defendant is sentenced;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar

records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a).

## FACTUAL BASIS

4.  The defendant admits the allegations charged as follows:

Count 1, occurred in Montgomery County, Alabama, within the Middle District of Alabama.

Count 1, the defendant admits and understands that the nature of the charge to which the plea

is offered involves proof that between October 15, 2006 and November 2, 2006, he acquired and

used an Advanta Bank Corporation Card Account No. xxxx-xxxx-xxxx-6168, in the name of another

person, and obtained valuables in excess of $1,000.00. Specifically, the defendant knowingly and

with the intent to defraud, used the Advanta access device to charge items during a one year period,

in violation of Title 18, United States Code, Section 1029(a)(2).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

5. The defendant agrees to enter a guilty plea to Count 1 of the Indictment.

6. The defendant, before entering a plea of guilty to Count 1 of the Indictment, as

provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for

the defendant toward reaching an agreed plea in this case have taken place with the defendant's

authorization and consent.

b. The defendant further understands that pursuant to Title 18, United States

Code, Section 3013, said $100 assessment is to be paid by the defendant on the date of

sentencing and that if a fine is imposed by the Court at sentencing, the defendant shall meet with

a member of the Financial Litigation Section of the United States Attorney's Office on the day of

sentencing and complete a written personal financial statement setting forth the defendant's assets

and liabilities as of the date of the offense. The defendant will make an honest, good faith effort

to pay the said fine as directed by the Financial Litigation Section of the United States Attorney's

Office. The defendant further understands that by completing the financial statement, the

defendant is representing that it is true and accurate to the best of the defendant's ability,

knowledge, and belief.

6

     c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

     d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

     e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

     f. The defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization,

7

knowledge and consent.

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h. The defendant further advises the Court that the defendant understands that after the entry of the guilty plea, the defendant may withdraw the plea if the Court rejects the plea agreement, pursuant to Rule 11(c)(1)(C).

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

j. The Defendant is satisfied that defense counsel has been competent and effective in representing the defendant.

7. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea

8

is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

8. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. Notwithstanding, the Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. Considering the advisory nature of the Guidelines, the offense level or criminal history category, as calculated by the Probation Officer, may differ from that projected by defendant's counsel or the U.S. Attorney.

9

This  _30TH_ day of January, 2008.

                        Respectfully submitted,

                        LEURA G. CANARY
                        UNITED STATES ATTORNEY


                        Louis V. Franklin
                        Chief, Criminal Section
                        131 Clayton Street
                        Montgomery, Alabama 36104
                        (334) 223-7280


                        Tommie Brown Hardwick, ASB4152 W86T
                        Assistant United States Attorney
                        Middle District of Ala
                        131 Clayton Street
                        Montgomery, AL 36104

10

I HAVE READ THE FOREGOING PLEA AGREEMENT, UNDERSTAND THE

SAME, AND THE MATTER AND FACTS SET FORTH THEREIN ACCURATELY AND

CORRECTLY STATE THE REPRESENTATIONS THAT HAVE BEEN MADE TO ME AND

ACCURATELY SET FORTH THE CONDITIONS OF THE PLEA AGREEMENT THAT HAS

BEEN REACHED.    IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I

AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE

"FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM

SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION

FROM MY DEFENSE COUNSEL, ANDREW M. SKIER

_____
TIMOTHY GRANT JONES
Defendant

_____2/1/08_____
Date

_____
ANDREW M. SKIER
Attorney for the Defendant

_2-1-08_
Date

11